# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

BECKY SANDERS,                )
                             )
    Plaintiff/Appellee,      ) Tipton Circuit No. 3954
                             )
VS.                          ) Appeal No. 02A01-9710-CV-00268
                             )
GEORGE MOTT GRAY and         )
JOHN CURTIS,                 )
                             )
    Defendants/Appellants.   )

FILED

October 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CIRCUIT COURT OF TIPTON COUNTY
### AT COVINGTON, TENNESSEE
### THE HONORABLE JOSEPH H. WALKER, III, JUDGE

**DON G. OWENS, III**
Memphis, Tennessee
**WALKER TIPTON**
Covington, Tennessee
Attorneys for Appellants

**LARRY S. BANKS**
**BANKS LAW FIRM, P.A.**
Brownsville, Tennessee
Attorney for Appellee

**AFFIRMED**

                                          **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

Defendants George Mott Gray and John Curtis appeal the trial court's order denying their respective motions for discretionary costs against Plaintiff/Appellee Becky Sanders. Defendant Gray additionally appeals the trial court's order to the extent that it assesses him with Sanders' costs. For the reasons hereinafter stated, we affirm the trial court's judgment.

I. Factual and Procedural History

Sanders sued Gray and Curtis for injuries she received in a May 1992 automobile accident. Sanders' complaint alleged that she was a passenger in an automobile driven by Defendant Curtis when it collided with a truck driven by Defendant Gray at the intersection of Highway 14 and Mt. Carmel Road in Tipton County. In her complaint, Sanders sought $200,000 for her injuries, and at no time during these proceedings did she seek less than $100,000. Prior to trial, Gray offered Sanders $25,000 to settle her lawsuit, but Sanders rejected the offer and proceeded to trial.

At trial, Curtis testified that he was driving down the highway toward the intersection when Gray's green truck turned in front of Curtis's automobile and caused the two vehicles to collide. Gray acknowledged that he was in the left turn lane preparing to make a left turn at the intersection, but he testified that he never saw Curtis's automobile and that his truck was completely stopped just prior to the impact.

The jury apparently believed Curtis's version of events because, at the trial's conclusion, the jury returned a verdict finding that Gray was one hundred percent (100%) at fault and that Curtis bore no responsibility for the accident. The jury found Sanders' damages to be $25,000, the same amount Gray had offered to settle the lawsuit prior to trial.

After the trial court entered a judgment on the jury verdict, each of the parties filed motions for discretionary costs pursuant to rule 54.04(2) of the Tennessee Rules of Civil

2

Procedure. The trial court entered an order granting Plaintiff Sanders' motion and assessing $3,501.15 in discretionary costs against Defendant Gray. The trial court denied Gray's and Curtis's respective motions for discretionary costs against Sanders.

On appeal, Gray contends that the trial court erred in granting Sanders' motion for discretionary costs and assessing these costs against him. Additionally, Gray and Curtis contend that the trial court erred in denying their respective motions for discretionary costs against Sanders.

## II. Discussion of the Law

As pertinent, rule 54.04 of the Tennessee Rules of Civil Procedure provides that:

> (1)    Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, . . . .
>
> (2)    Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. . . .

T.R.C.P. 54.04.

Pursuant to rule 54.04, trial courts are vested with wide discretion in awarding discretionary costs, and this court will not interfere with such an award except upon an affirmative showing that the trial court abused its discretion. Perdue v. Green Branch Mining Co., 837 S.W.2d 56, 60 (Tenn. 1992); In re McCoy, No. 03A01-9604-CH-00143, 1996 WL 599703, at *7 (Tenn. App. Oct. 21, 1996), perm. app. denied (Tenn. Apr. 7, 1997); Ashford v. Benjamin, No. 02A01-9311-CV-00243, 1994 WL 677607, at *2 (Tenn. App. Dec. 6, 1994); Faux v. Spears, No. 03A01-9312-CV-00433, 1994 WL 147830, at *2 (Tenn. App. Apr. 26, 1994). Generally, trial courts award such costs to whichever party ultimately prevails in the lawsuit, provided the prevailing party has filed a timely, properly supported motion. Turner v. Turner, No. 01A01-9506-CV-00255, 1997 WL 136448, at *17 (Tenn. App. Mar. 27, 1997); Austin Powder Co. v. Thompson, No. 03A01-9607-CV-00229, 1996 WL 718291, at *2 (Tenn. App. Dec. 16, 1996); Dent v. Holt, No. 01A01-9302-CV-00072, 1994 WL 440916, at *3 (Tenn. App. Aug. 17, 1994), modified on

3

other grounds, 1994 WL 503891 (Tenn. App. Sept. 16, 1994); Harmon v. Shell, No. 01A01-9211-CH-00451, 1994 WL 148663, at *7 (Tenn. App. Apr. 27, 1994). The successful party is not, however, automatically entitled to an award of costs. See Benson v. Tennessee Valley Elec. Coop., 868 S.W.2d 630, 644 (Tenn. App. 1993); Faux v. Spears, 1994 WL 147830, at *2; Webber v. Bolling, 1989 WL 151496, at *4 (Tenn. App. Dec. 13, 1989). Instead, trial courts are free to apportion costs between the litigants as the equities of each case demand. Perdue v. Green Branch Mining Co., 837 S.W.2d at 60; In re McCoy, 1996 WL 599703, at *7; Christian v. Harding, 1993 WL 156164, at *1 (Tenn. App. May 14, 1993). Accordingly, if any equitable basis appears in the record which will support the trial court's apportionment of costs, this court must affirm. See, e.g., Benson v. Tennessee Valley Elec. Coop., 868 S.W.2d at 644 (holding that trial court did not abuse its discretion in failing to award costs to successful plaintiffs, in light of large amount of jury verdicts in plaintiffs' favor). Moreover, on appeal, the appellant bears the burden of showing that the trial court abused its discretion in its assessment of costs. Faux v. Spears, 1994 WL 147830, at *2.

Applying the foregoing standard, we conclude that the trial court did not abuse its discretion in granting Sanders' motion for discretionary costs against Gray and, conversely, in denying Gray's motion against Sanders. At the trial's conclusion, Sanders was awarded a significant judgment against Gray in the amount of $25,000. Inasmuch as Sanders was the prevailing party in her lawsuit against Gray, the trial court acted within its discretion in awarding Sanders her costs incurred in this litigation. See Turner v. Turner, 1997 WL 136448, at *17; Austin Powder Co. v. Thompson, 1996 WL 718291, at *2.

On appeal, Gray insists that he actually was the prevailing party because the amount of the judgment obtained by Sanders was much less than the $100,000 in damages she sought during these proceedings and, further, because the judgment was the same as the settlement amount offered by Gray prior to trial. We disagree. In many cases, plaintiffs ultimately are awarded judgments in an amount significantly less than the amount of damages they seek in their complaints or at trial. By itself, however, such an

4

outcome does not negate the plaintiff's status as a prevailing party. Moreover, we note in this case that Gray's settlement offer was not a formal offer of judgment, which would have entitled him to an award of costs under rule 68 of the Tennessee Rules of Civil Procedure. See T.R.C.P. 68 (requiring plaintiff to pay all costs accruing after defendant's offer of judgment if judgment finally obtained by plaintiff is not more favorable than offer). While we agree that Gray's arguments raise equitable considerations which may be relevant to a trial court's assessment of costs in a given case, we do not think that the trial court abused its discretion in rejecting these arguments in this case.

We also affirm the trial court's decision to deny Curtis's motion for discretionary costs against Sanders. We agree that, as between Sanders and Curtis, Curtis was the prevailing party because the jury found no liability on the part of Curtis for the subject accident and, thus, Sanders was awarded no judgment against Curtis. Nevertheless, we do not necessarily agree that Curtis's costs should have been assessed against Sanders. We reiterate that the trial court is given wide discretion to apportion costs as the equities of each case demand. Under the circumstances of this case, we think that the equities favored an award of costs against Defendant Gray, but not necessarily against Plaintiff Sanders, and we know of no procedural impediment which would have prevented the trial court from assessing Curtis's costs against his codefendant. As all of the parties conceded below and on appeal, as a practical matter, Sanders was required to sue both Gray and Curtis for her injuries, given this state's then recent adoption of comparative negligence principles. See McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Moreover, for purposes of awarding costs in this lawsuit, Gray clearly was the "losing party." See Turner v. Turner, No. 01A01-9506-CV-00255, 1997 WL 136448, at *17 (Tenn. App. Mar. 27, 1997) (noting that trial courts may tax certain litigation costs against "losing party"); Bulla v. Bulla, No. 01A01-9004-CV-00133, 1990 WL 160291, at *5 (Tenn. App. Oct. 24, 1990) (noting that, normally, "losing party" in case pays costs). Defendant Curtis, however, chose to limit his motion for discretionary costs by seeking such costs against Sanders only, and not against Gray. Given the procedural posture of this case and, specifically, Curtis's failure to seek costs against the losing party, we cannot say that the

5

trial court abused its discretion in denying Curtis's motion for discretionary costs against Sanders.

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to the Appellants, for which execution may issue if necessary.

_____HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

6