IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2000 Session

## STEPHEN COMELLA v. CITY OF MEMPHIS

**An Appeal from the Circuit Court for Shelby County**
**No. 68835 T.D.     Kay Spalding Robilio, Judge**

---

**No. W1999-00347-COA-R3-CV - Filed April 24, 2001**

---

This is a personal injury case involving the on-the-job injury of a police officer working for the City of Memphis. The city admitted liability. After a bench trial on the issue of damages, the trial court awarded the plaintiff a judgment of $25,000. The plaintiff appeals, arguing that the trial court erred by treating this as a worker's compensation case rather than a negligence case. Plaintiff also argues that the trial court erred by not granting his request for discretionary costs to pay for expert witness fees. We affirm, finding that the evidence supports the trial court's award and that there was no abuse of discretion in declining to order the city to pay the plaintiff's expert witness fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

David M. Sullivan, Memphis, Tennessee, for Plaintiff/Appellant Stephen Comella.

Robert L.J. Spence, Jr. and Chapman Sellers Morrow, Memphis, Tennessee, for Defendant/Appellee, City of Memphis.

**OPINION**

This is a personal injury case. Plaintiff/Appellant Stephen Comella was injured while working as a police officer for Defendant/Appellee, the City of Memphis. On April 8, 1994, Comella was responding to a burglary call near the intersection of Poplar Avenue and Yates Road when he was struck by a car driven by two undercover police officers. The incident caused serious injury to Comella's right knee. Comella brought this negligence action against the City and the undercover officers. Before trial, Comella voluntarily dismissed his claim against the undercover police officers.

At trial, the City of Memphis admitted liability for Comella's injury. A bench trial was held on the issue of Comella's damages. At the time of trial, Comella was forty-six years old, had three years of college, and had worked as a police officer in Memphis since 1975. In 1976, he was shot while on duty, and the bullet is still lodged near his spine and causes occasional back pain. Comella also testified about a prior injury to his right knee while training with a police dog, for which he underwent surgery.

In the April 8, 1994 accident, both of Comella's knees were struck by the front bumper of the unmarked police car. During the commotion, both of his knees were hit by the bumper repeatedly, but his right knee suffered the most injury. As a result, Comella once again underwent surgery and rehabilitation for his right knee. In November 1994, Comella returned to work, but often encountered problems when his job required him to walk on uneven surfaces. Additionally, Comella fell down an embankment in January 1995 while performing an area search with a dog, injuring his left foot.

After the January 1995 incident, Comella applied for medical retirement from the Memphis City Police. In applying for retirement, Comella wrote a letter to his family physician, requesting that the physician write a letter to the police retirement office describing his injuries. In the letter to his physician, Comella said that he had been considering retirement for over a year, and that a recent flare-up of his back injury triggered his decision to go ahead and seek medical retirement. The letter also discussed Comella's problems with his knee and his left foot. He wrote that he was still young enough, at forty-two, to begin another career that was less physically demanding.

In May 1995, the pension board of the Memphis City Police granted Comella's request for disability retirement. Under this plan, Comella receives sixty percent of his previous salary until his death. In addition, the retirement board agreed to pay all of Comella's medical expenses related to his knee and his back for three years after his retirement. At the time of trial, Comella was employed full time with Nationsbank at approximately $20,000 per year, with a good chance of advancement.

Comella submitted into evidence the depositions of Dr. Travis Lunceford, his family doctor, Dr. Richard Ennis, the orthopedic surgeon who treated his knee, and Dr. James Varner, the orthopedic surgeon who examined Comella at the request of the City in connection with his claim for disability retirement. Dr. Lunceford testified that in his opinion, the April 1994 incident, coupled with the damage that Comella had already sustained to his right knee, made it "inappropriate" for him to continue working for the police force. Dr. Ennis testified that in his opinion, Comella had sustained a 12% physical impairment to his leg, and a 5% impairment to the body as a whole because of this incident. Dr. Varner opined that Comella had suffered a 10% impairment to his leg because of torn cartilage, a 7% impairment due to looseness of the anterior cruciate ligament ("ACL"), and a 3% impairment to the body as a whole. Dr. Varner also concurred that Comella was unable to return to work as a police officer due to his knee injury.

Dr. Thomas Depperschmidt, a economics professor at the University of Memphis, testified about Comella's past earnings loss and future earnings loss due to his early retirement. Dr.

Depperschmidt testified that Comella lost $512,641 over the remainder of his lifetime due to the April 1994 incident.

Comella sought as damages $130,000, the maximum amount of liability that could be assessed against the City under the Governmental Tort Liability Act. *See* Tenn. Code Ann. §§ 29-20-311, 29-20-403 (2000). Comella also sought his discretionary costs, such as expert witness fees, under Rule 54.04 of the Tennessee Rules of Civil Procedure. After hearing the evidence and arguments, the trial judge issued a letter ruling in which she awarded Comella 66 2/3 % of his average weekly wage for sixty-five weeks. Upon Comella's motion for clarification, the trial court entered an order awarding Comella a judgment of $25,000. The trial court also denied in part Comella's Rule 54.04 motion for discretionary costs, granting his request for $3,421.90 in expert witness fees and court reporter fees, but declining to order the City to pay $2,370 for Depperschmidt's expert witness fee. The trial court stated that it did not find Dr. Depperschmidt's testimony to be "compelling" on the issue of Comella's loss of earning capacity. From these orders, Comella now appeals.

Comella raises two issues in this appeal. He contends that the trial judge incorrectly treated this as a worker's compensation case, and did not appropriately consider this as a negligence case. Thus, he argues, the trial court's award of damages was inadequate as a matter of law because he was not "made whole." Secondly, he contends that the trial court erred by not awarding discretionary costs to pay for his expert witness, Dr. Depperschmidt.

Our review of this case is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure, which states that review of findings of fact by the trial court shall be *de novo* upon the record, accompanied by a presumption of correctness. *See Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

In this appeal, Comella argues that the trial court erred by treating this as a worker's compensation case. Regardless of how the trial court reached its result, the central issue is whether the trial court erred by awarding an inappropriate amount of damages. The amount of damages to be awarded for a personal injury is not controlled by fixed mathematical formulas or rules of law, but is left to the sound discretion of the trier of fact. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).

In this case, Comella presented no evidence that his knee injury prevented him from earning an income equal to or greater than that which he earned as a police officer. After reviewing the record as a whole, we find that the trial court's decision to award Comella $25,000 for his injury was supported by the evidence.

The second issue presented by Plaintiff/Appellant Comella is without merit. The trial court has wide discretion to award discretionary costs such as expert witness fees. *See Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998). We find no abuse of discretion in the trial court's decision to decline to order the City to pay Dr. Depperschmidt's expert witness fee.

The decision of the trial court is affirmed. Costs are taxed to Appellant, Stephen Comella, and his surety, for which execution may issue if necessary.

_____

HOLLY KIRBY LILLARD, JUDGE