IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2001 Session

## FRANCES I. LUNA, ET AL. v. MICHAEL ROSS BREEDING, ET AL.

**Direct Appeal from the Circuit Court for White County**
**No. CC-328      John A. Turnbull, Judge**

_____

**No. M2000-01932-COA-R3-CV - Filed August 22, 2001**

_____

Plaintiffs voluntarily dismissed their suit for personal injuries and damages. Defendants then filed a motion for discretionary costs with accompanying affidavit as to reasonableness and necessity. The motion was denied and Defendants appeal, contending the trial court abused its discretion in disallowing their motion. We find it did not and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

Eugene N. Bulso, Jr. and Barbara Hawley Smith, Nashville, Tennessee, for the appellant, Robert Orr/Sysco Food Services LLC.

John C. Knowles, Sparta, Tennessee, for the appellees, Frances I. Luna and Gary Luna.

### OPINION

Frances I. Luna and Gary Luna sued the Defendants to recover for injuries and damages resulting from a vehicular accident. The Plaintiffs filed a notice of voluntary dismissal. As a result, the trial court entered an order dismissing the cause without prejudice.

The Defendants filed a motion for an award of discretionary costs pursuant to Rule 54.04(2) Tenn. R. Civ. P. seeking the following discretionary costs:

| | |
|---|---|
| Deposition of Frances Luna | $ 143.50 |
| Deposition of Gary Luna | $ 143.50 |
| Deposition fo Robert Baker, M.D. | $ 341.30 |

| | |
|---|---|
| Videotape of Dr. Baker's Deposition | $ 332.50 |
| Deposition of Thomas Qualls, D.C. | $ 277.40 |
| Videotape of Dr. Qualls' Deposition | $ 280.00 |
| Deposition of Michael Breeding (copy) | $ 52.80 |
| Deposition of Chet Gentry, M.D. | $ 620.70 |
| Videotape of Dr. Gentry's Deposition | $ 270.00 |
| **TOTAL** | **$2,461.70** |

. . . .

| | |
|---|---|
| Dr. Baker | $ 350.00 |
| Dr. Gentry | $ 600.00 |
| Dr. Qualls | $ 300.00 |
| **TOTAL** | **$1,250.00** |

The motion was accompanied by an affidavit of an attorney for one of the Defendants stating that the depositions were necessary and the costs reasonable. This was unchallenged. The trial court denied the motion for discretionary costs and the order states, in part, that "after considering the motion, statement of counsel for the respective parties and the entire record in this cause, the court was of the opinion that the motion was not well taken and should not be allowed." The Defendants have appealed, contending that the trial court erred in denying their request for an award of discretionary costs.

The appellate courts have ruled repeatedly that discretionary costs, as the name implies, are to be awarded within the discretion of the trial court and that decision will not be overturned absent a showing of abuse of discretion. *See Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 902 (Tenn. 1992); *Perdue v. Green Branch Min. Co.*, 837 S.W.2d 56, 60 (Tenn. 1992); *Lock v. National Union Fire Ins. Co.*, 809 S.W.2d 483, 490 (Tenn. 1991); *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999); and *Mix v. Miller*, 27 S.W.3d 508, 516 (Tenn. Ct. App. 1999).

Rule 54.04(2) provides as follows:

Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal.

Tenn. R. Civ. P. 54.04(2). The rule specifically states that the trial court may tax discretionary costs at the time of voluntary dismissal. Appellants argue that, while the trial court has discretion in awarding costs under Rule 54.04(2), when the costs sought by the prevailing party are costs expressly allowable under the rule, the court's discretion is limited to determining whether the costs are reasonable and necessary. As authority, they rely upon an unreported opinion from the middle section of this court of *Harmon v. Shell*, No. 01A01-9211-CH-00451, 1994 WL 148663, at *6-7 (Tenn. Ct App. Apr. 27, 1994) (*no T.R.A.P. 11 app. filed*).[1] In that case, the plaintiff sought injunctive relief and damages for slander of title for trespass and unlawful timber cutting. Plaintiffs recovered damages and were awarded injunctive relief as well as $241.95 in discretionary costs. The defendants appealed the damage award and the property owners appealed the award of discretionary costs. The trial court's award included the sheriff's fees, court reporter's fees for attending the trial, and aeriel photographs and topological maps but declined their request for $1,037.25 for other fees and expenses. In determining that they were entitled to an additional award for discretionary expenses, this court acknowledged that awarding these costs is within the trial court's discretion. The court noted that "the trial court's discretion extends to determining whether discretionary costs should be awarded and, if so, whether the requested costs are "reasonable and necessary." The court then held as follows:

Mr. and Mrs. Hanson's request for $1,027.35 in discretionary costs includes $894.90 in expenses associated with the court reporter attending the trial and the discovery depositions of eight witnesses. These expenses are specifically included as allowable expenses in Tenn. R. Civ. P. 54.04(2), thus the trial court should have awarded them as discretionary costs unless it found that they were neither necessary nor reasonable. Accordingly, the trial court should recalculate its judgment for discretionary costs in accordance with this opinion.

*Harmon*, 1994 WL 148663, at *7.

---

[1] Unpublished opinions are considered controlling authority between the parties to the case when relevant under the doctrines of the law of the case, *res judicata* and collateral estoppel. For all other purposes unpublished opinions shall be considered persuasive authority. Rule 4(H)1 Rules of the Supreme Court.

As noted, the trial court awarded a portion of the discretionary fees requested but denied the remaining portion. We do not interpret *Harmon* as appellants do. We understand *Harmon* to hold that, once a trial court exercises its discretion to award discretionary costs, it should award all of the costs set forth in Rule 54.04(2) as long as the court determines that they are reasonable and necessary. If trial courts were required to award all of the reasonable and necessary expenses it would not be a matter of discretion. The trial court would be deprived of its discretionary powers. The burden is on the appellant to show that the trial court abused its discretion and its assessment of costs. *See Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998) (citing *Faux v. Spears*, No. 03A01-9312-CV-00433, 1994 WL 147830, at \*2 (Tenn. Ct. App. Apr. 26, 1994)). We find no evidence in this record that the trial court abused its discretion in denying discretionary costs.

Plaintiffs contend that the Defendants are unable to carry this burden because of their failure to file a transcript of the hearing on Defendant's motion for discretionary costs. This contention has been visited by this court on previous occasions. *See Moser v. Bibee*, No 03A01-9209-CV-00347, 1993 WL 133292, at \*1 (Tenn. Ct. App. Apr. 28, 1993) (***no T.R.A.P. 11 app. filed*** ); *Goff v. Howell*, No. 01A01-9401-CV-00024, 1994 WL 317542, at \*1 (Tenn. Ct. App. Jul. 6, 1994) (***no T.R.A.P. 11 app. filed***); *Faux v. Spears*, No. 03A01-9312-CV-00433, 1994 WL 147830, at \*1 (Tenn. Ct App. Apr. 26, 1994) (***no T.R.A.P. 11 app. filed***). The plaintiff in *Moser v. Bibee* filed a post trial motion to recover discretionary costs following a favorable jury verdict. In affirming the trial court, this court said

> [i]n this case, plaintiff's counsel complied with the technical requirements of the Rule, but absent a transcript of the hearing or a finding of facts by the Trial Judge, we presume the evidence supports the Court's determination. The issue of fees and costs is collateral to the judgment on the merits, and the Trial Judge conducted a hearing on the issue of costs, but no transcript of that hearing is in the record. Accordingly, plaintiff has failed to demonstrate that the Trial Judge's disallowing discretionary costs was an abuse of discretion.

*Moser*, 1993 WL 133292, at \*1. The plaintiff in *Goff v. Howell* recovered a judgment but maintained on appeal that the trial court abused its discretion in disallowing discretionary costs. In affirming the trial court, the court said

> [w]e cannot find a clear abuse of discretion in this case. The record does not contain any proof on the motion except for an affidavit that certain costs were incurred and had been paid. The supporting invoices, statements, etc. shed some light on the reasons why the costs were incurred, but the entire record as a whole does not support a finding that the trial judge abused his discretion in ruling on the motion for discretionary costs.

*Goff*, 1994 WL 317542, at \*4. The successful plaintiff in *Faux v. Spears* was also awarded discretionary costs. This court upheld the trial court's award of discretionary costs noting that matters resting in judicial discretion will not be disturbed on appeal absent an affirmative showing

that the trial court abused its discretion. The court further noted that "[s]ince there is no transcript of the evidence or record of the hearing on discretionary costs, it must be presumed that the evidence supports the findings of the trial court." ***Faux***, 1994 WL 147830, at *2.

In the present case the record before us does not contain a transcript of the evidence or record of the hearing on discretionary costs. Therefore, we must presume that the evidence supports the trial court's exercise of discretion in denying the defendant's motion.

The judgment of the trial court is affirmed and the costs of this cause are taxed to the Defendants.

_____
DAVID R. FARMER, JUDGE