IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2001 Session

## TOM LOCKETT, et al. v. CHARLES BLALOCK & SONS, INC., et al.

**Appeal from the Circuit Court for Knox County**
**No. 2-620-95  Harold Wimberly, Judge**

### FILED JANUARY 29, 2002

### No. E2001-01000-COA-R3-CV

In this appeal from the Knox County Circuit Court the Defendants/Appellants, Charles Blalock & Sons, Inc., and Austin Powder Company, contest the Trial Court's award of prejudgment interest to the Plaintiffs/Appellees, Tom Lockett and his wife, Betty Lockett. In addition, both the Plaintiffs and the Defendants appeal the Trial Court's denial of their requests for discretionary costs. We affirm the order of the Trial Court as to  both its award of prejudgment interest to the Plaintiffs and its denial of discretionary costs to the Defendants. However, we vacate the Trial Court's order as to its denial of the Plaintiffs' request for discretionary costs and remand for consideration in accord with this opinion.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Vacated in Part; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO JR., and D. MICHAEL SWINEY, JJ., joined.

Thomas Kenan Smith, Knoxville, Tennessee, for the Appellants, Charles Blalock & Sons, Inc., and Austin Powder Company

James Charles Wright, Knoxville, Tennessee, for the Appellees, Tom Lockett and wife, Betty Lockett

### OPINION

This proceeding arises from a lawsuit filed by the Plaintiffs/Appellees, Tom Lockett and his wife, Betty Lockett, against the Defendants/Appellants, Charles Blalock & Sons, Inc., and Austin Powder Company, for damages and loss of use of their home as a result of the Defendants' blasting operations.

The Defendants raise two issues on appeal.  The first is that the Court was in error in allowing prejudgment interest, and the second is that the Trial Court abused its discretion in failing to allow the Defendants discretionary costs.

The Plaintiffs also raise as an issue that the Trial Court abused its discretion in failing to allow them discretionary costs

In 1990 and 1991 the Defendants were engaged in blasting operations in the vicinity of the Plaintiffs' house. Although the Plaintiffs heard and felt the blasts, they were not aware of any resulting damage to their home until the fall of 1992 when they discovered a two inch crack running the length of their basement wall. In January of 1993, Defendant Blalock's expert examined the crack, opined that it was caused by the blasting and advised the Plaintiffs to move out of the house.

In November of 1994, the Defendants offered the Plaintiffs $96,402.81 in settlement for the damage to the their home; however, this settlement offer was rejected by the Plaintiffs who, the Defendants attest, demanded that their house be rebuilt. Thereafter, on September 20, 1995, the Plaintiffs filed a complaint against the Defendant Charles Blalock & Sons, Inc., in the Knox County Circuit Court wherein they asserted that the Defendant was strictly liable and negligent in its blasting activity which resulted in the damages to their house and their loss of its use. On January 12, 1996, the Plaintiffs amended their complaint to include Austin Powder Company as a defendant.

The case was tried before a jury between September 17 and September 21, 1998. At trial, both the Plaintiffs and the Defendants presented expert testimony as to the cause of the damage to the Plaintiffs' home with the Defendants' experts testifying that such damage was caused by earth and water pressure and not by blasting as asserted by the Plaintiffs' experts. The Defendants' expert who had originally determined that the damage was caused by blasting testified that he had now changed his opinion in that regard.

The jury rendered its verdict in favor of the Plaintiffs and awarded them damages in the amount of $109,200.00 and on September 28, 1998, the Trial Court entered its judgment reflecting the jury's verdict. Thereafter, the Defendants filed a motion requesting discretionary costs in the amount of $12,477.53 and the Plaintiffs filed a motion requesting discretionary costs in the amount of $10,627.81 and prejudgment interest at the rate of 10% per annum from January of 1993.

On May 17, 2001, the Trial Court entered an order allowing the Plaintiffs prejudgment interest in the amount of $62,802.47 calculated at the rate of ten percent per year from January 7, 1993, until the date of payment of the jury award which was October 5, 1998. The Trial Court's order further denied both the Plaintiffs' and the Defendants' requests for discretionary costs. On May 29, 2001, the Defendants filed their notice of appeal of this order.

A trial court's power to award prejudgment interest and discretionary costs is sanctioned by T.C.A. 47-14-123 and Tenn. R. Civ. P. 54.04 respectively.

T.C.A. 47-14-123 provides as follows with regard to prejudgment interest:

Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common law of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at

any rate not in excess of a maximum effective rate of ten percent (10%) per annum;...

With respect to allowance of discretionary costs, Tenn. R. Civ. P. 54.04(2) states:

(2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials ....

Both the award of prejudgment interest and the allowance of discretionary costs are matters within the sound discretion of the trial court and the trial court's decision will not be disturbed by this Court unless the record reveals that the trial court abused its discretion. See *Spencer v. A-1 Crane Service, Inc.*, 880 S.W.2d 938 (Tenn. 1994) and *Myint v. Allstate Insurance Company*, 970 S.W.2d 920 (Tenn. 1998). In *Hosier v. Crye-Leike Commercial, Inc.*, an unreported opinion of this Court filed in Nashville on July 17, 2001, we stated as follows at page 4 regarding our review of a trial court's decision for abuse of discretion:

The "abuse of discretion" standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed. *State ex rel Jones v. Looper*, --- S.W.3d ---, ---, 2000 WL 354404, at *3 (Tenn.Ct.App.2000); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn.Ct.App.1999). Appellate courts do not have the latitude to substitute their discretion for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998). Thus, a trial court's discretionary decision will be upheld as long as reasonable minds can disagree about the correctness of the decision. *State v. Scott*, 33 S.W.3d 746, 752 (Tenn.2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn.2000).

First we address the question of whether the Trial Court erred in awarding prejudgment interest to the Plaintiffs in this case. The award of prejudgment interest is based on the recognition that a party is damaged when it is deprived of the use of its money over a period of time and the law in Tennessee favors awarding prejudgment interest whenever doing so will more fully compensate a successful plaintiff for the loss of use of money to which the plaintiff was legally entitled. See *Scholz v. S.B. International, Inc.* 40 S.W.3d 78 (Tenn. Ct. App. 2000). However, the Defendants contend that under the facts in this case an award of prejudgment interest is inequitable and that the Trial Court abused its discretion in granting such an award.

The Defendants deduce that the $109,200.00 which the jury awarded the Plaintiffs was calculated by adding $96,200.00, which was the cost of repairing the Plaintiffs' house as attested by the Defendants' estimator at trial, to $13,000.00, which was the fair market rental value of the Plaintiffs' house for the four months which the Defendants' estimator attested to be the period of time which would be required to repair the house. The Defendants point out that the $96,200.00 portion of the jury's award is approximately equal to the $96,402.81 settlement amount which the

Defendants offered the Plaintiffs in November of 1994 and further assert that they were willing to also compensate the Plaintiffs for loss of use at that time as evidenced by the affidavit of the Defendants' insurer. In addition, the Defendants state that during mediation conducted in December of 1997 they increased their offer of settlement to $100,000.00, but that the Plaintiffs rejected this offer and unreasonably demanded $350,000.00. The Defendants argue that, had the Plaintiffs accepted the Defendants' settlement offer in 1994, or the subsequent offer of $100,000.00 in 1997, they would have received the funds that they were ultimately awarded by the jury and, therefore, any loss of use of those funds suffered by the Plaintiffs in the intervening period was the result of the Plaintiffs own unreasonable choice and stubbornness. Accordingly, the Defendants maintain that the award of prejudgment interest is unfair. We disagree.

To begin with, the amount of settlement actually offered the Plaintiffs by the Defendants in 1994 was $13,000.00 less than the amount of the jury award and the amount offered at mediation was $9,200.00 less than the amount of the jury award. Although the Defendants present the affidavit of their insurer to show that they were willing to offer the Plaintiffs additional monies for loss of use, it is not specified what amount of additional monies would have been offered. In any event, such funds were not offered and the fact remains that the amounts that were offered were less than the amount ultimately awarded by the jury.

We also note that two estimates prepared by the Defendants in March and April of 1995, respectively estimate the cost of repair of the Plaintiffs' home at $160,001.13 and $170,328.87. The Defendants assert that these estimates were contingent upon the Plaintiffs' house being jacked up with consequent additional damage but testimony was presented at trial that jacking up would not have been necessary. However, it is our determination, that, despite what the jury may or may not have accepted, these estimates confirm that the amount due the Plaintiffs was a matter of reasonable dispute and, therefore, the Plaintiffs were not unreasonable in their rejection of the Defendants' offer.

The Defendants cite the case of *Scholz v. S.B. International, Inc.* 40 S.W.3d 78 (Tenn. Ct. App. 2000) for the proposition that an award of prejudgment interest is "based on the recognition that a party is damaged by being *forced* to forego the use of its money over time" (italics added). The Defendants argue that the Plaintiffs were not *forced* to forego the use of their money but rather *chose* to forego the use of their money when they rejected the Defendants' settlement offer. It is our determination that the Defendants' interpretation of our use of the word 'forced' is unduly restrictive. Such a restrictive interpretation would result in the preclusion of prejudgment interest whenever it appears that an offer of settlement was equal to, or in excess of, a subsequent award of damages and would unfairly require that an injured party accurately predict what he would receive in damages from a court or jury at the risk of losing prejudgment interest. Under these circumstances we interpret the word 'forced' to mean forced as a result of the parties inability to agree on a settlement amount. This less restrictive interpretation is not inconsistent with our statement elsewhere in the *Scholz* case that "Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the use of money the plaintiff *should have received*." (italics added) The jury's verdict in this case establishes that the Plaintiffs should have received $109,200.00 notwithstanding either the Plaintiffs' or the Defendants' opinion in this regard.

The Defendants next argue that the facts in this case establish that the Defendants disputed the Plaintiffs' claim for damages on reasonable grounds as evidenced by expert testimony presented at trial which imputes the damage to the Plaintiffs' house to earth and water pressure rather than blasting. As this Court noted in *Scholz,* the Supreme Court of this State has overruled all previous cases which suggested that prejudgment interest should not be awarded if the claim is reasonably disputed. See *Myint v. Allstate Insurance Company* 970 S.W.2d 920 (Tenn. 2000). This is consistent with the purpose behind the award of prejudgment interest which is, as stated by the Court in *Myint,* "to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize the defendant for wrongdoing."

It is our determination that the Trial Court did not abuse its discretion by awarding the Plaintiffs prejudgment interest in this case and the Defendants' arguments to the contrary are without merit.

The next issue we address is whether the Trial Court erred in denying discretionary costs to either the Plaintiffs or the Defendants. In most cases a trial court will award discretionary costs to the prevailing party in a lawsuit, provided the prevailing party has timely filed a properly supported motion as did the parties in this case. See *Sanders v. Gray*, 989 S.W.2d 343 (Tenn. Ct. App.1998). The Defendants' contention that the Trial Court abused its discretion in not awarding them discretionary costs is premised upon the Defendants' assertion that in reality they, not the Plaintiffs, were the prevailing party in this case. In support of this argument the Defendants point out that they essentially offered in settlement what the jury awarded the Plaintiffs at trial and that that award was much less than the amount of the Plaintiffs' final demand. As we explained in *Sanders* such an argument is without merit. In response to the same argument by the defendant Gray in the *Sanders* case we stated as follows at page 345:

> In many cases plaintiffs ultimately are awarded judgments in an amount significantly less than the amount of damages they seek in their complaints or at trial. By itself, however, such an outcome does not negate the plaintiff's status as a prevailing party. Moreover, we note in this case that Gray's settlement offer was not a formal offer of judgment, which would have entitled him to an award of costs under Rule 68 of the Tennessee Rules of Civil Procedure. *See* T.R.C.P. 68 (requiring plaintiff to pay all costs accruing after defendant's offer of judgment if judgment finally obtained by plaintiff is not more favorable than offer).

Like the defendant in the *Gray* case, the Defendants in this case failed to avail themselves of Rule 68 pursuant to which they might have avoided incurring costs by an offer of judgment in excess of the jury's verdict.

Although we find nothing in the record which convinces us that the Trial Court abused its discretion in failing to award the Defendants discretionary costs, we also find no basis in the Trial Court's order or in the record as a whole for denying the Plaintiffs' request for discretionary costs. As stated, the Plaintiffs appear to have filed a timely and properly supported motion for these costs which appear to consist of court reporter fees and witness fees allowable under Tenn. R. Civ. P.

54.04(2). And as we have concluded herein, the Plaintiffs were the prevailing parties in this case. Although the prevailing party is not automatically entitled to these costs, in other cases where the record did not show any basis for denial of requested discretionary costs, we have reversed the denial of such costs and remanded for a determination as to their reasonableness. See *Dent v. Holt,* an unreported opinion of this Court filed in Nashville on August 17, 1994, and *Jarmakowicz, et al. v. Suddarth*, an unpublished opinion of this Court filed in Nashville on February 28, 2001. Accordingly, we find that the Trial Court erred in denying the Plaintiffs' request for discretionary costs and we instruct the Trial Court to award the Plaintiffs such costs on remand unless it finds that the amount of such costs is unreasonable.

For the foregoing reasons we affirm the order of the Trial Court as to its award of prejudgment interest to the Plaintiffs and as to its denial of discretionary costs to the Defendants. We vacate the Trial Court's order as to its denial of discretionary costs to the Plaintiffs and we instruct the Trial Court to grant those costs unless on remand it finds them to be unreasonable in amount. The case is also remanded for collection of costs below which are, as are costs of appeal, adjudged against Charles Blalock & Sons, Inc., and Austin Powder Company and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE