# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### May 5, 2009 Session

## BERNARD HUGHES v. DEMAR HUDGINS

**Appeal from the Circuit Court for Hamilton County**
**No. 07-C-795     Ward Jeffrey Hollingsworth, Judge**

---

**No. E2008-01385-COA-R3-CV  - FILED AUGUST 17, 2009**

---

FRANK G. CLEMENT, JR., J., concurring in part and dissenting in part.

I concur with the majority's decision to affirm the jury verdict in favor of the defendant, Demar Hudgins. I write separately, however, to respectfully dissent from the decision regarding discretionary costs.

The majority vacated the trial court's decision, in part, because "the basis for the trial court's decision to award Mr. Hudgins some, but not all, of his discretionary costs is unclear from the record." As I understand the majority's reasoning for remanding the issue of discretionary costs for the trial court's further review, the majority placed an emphasis on the fact the trial court "did not explain its reasoning for limiting the award of costs in the way that it did." I also understand the majority found it significant that the defendant has not acted in a way "that would justify the court in depriving him of the costs he incurred." I, however, am of the belief the trial court's decision regarding the award of discretionary costs should be affirmed because the trial court was under no obligation to explain its reasoning for awarding only a portion of the costs requested; trial courts are vested with wide discretion in awarding discretionary costs pursuant to Tenn. R. Civ. P. 54.04(2); this court does not interfere with a trial court's decision to deny or award discretionary costs except upon an affirmative showing that the trial court abused its discretion; and the defendant, Mr. Hudgins, who bears the burden of persuasion as the party challenging the award of discretionary costs, has failed to show that the trial court abused its discretion in awarding him only a portion of the discretionary costs he incurred.

Mr. Hudgins contends the trial court erred in awarding him only a portion of the costs he incurred. His argument on appeal can be summarized briefly as follows: I am the prevailing party, I incurred $10,911.45 in discretionary costs, the trial court decided I was entitled to recover discretionary costs, but I was only awarded some of my costs. Therefore, the trial court erred in not awarding all of my discretionary costs. I submit Mr. Hudgins' argument is not sufficient for several reasons.

First, trial courts are vested with wide discretion in awarding discretionary costs pursuant to Tenn. R. Civ. P. 54.04(2) and, on appeal, this court "will not interfere with such an award except upon an affirmative showing that the trial court abused its discretion." *Chaffin v. Ellis*, 211 S.W.3d 264, 292 (Tenn. Ct. App. 2006) (quoting *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998)). Second, although trial courts generally award discretionary costs to the prevailing party, provided the prevailing party filed a timely, properly supported motion, the prevailing party is not automatically entitled to recover all of its discretionary costs. *See Sanders*, 989 S.W.2d at 345; *Benson v. Tennessee Valley Elec. Co-op.*, 868 S.W.2d 630, 644 (Tenn. Ct. App. 1993). Instead, the trial court is "free to apportion costs between the litigants as the equities of each case demand." *Sanders*, 989 S.W.2d at 345. Thus, there is nothing inappropriate about the trial court's decision to award Mr. Hudgins some but not all of his discretionary costs. Third, as the party challenging the trial court's award of discretionary costs, Mr. Hudgins bears the burden of showing that the trial court abused its discretion in the assessment of costs, *Chaffin,* 211 S.W.3d at 292 (citing Sanders, 989 S.W.2d at 345), and Mr. Hudgins has failed to establish that the trial court abused its discretion.

As for the amount of discretionary costs awarded, the trial court determined, without stating its reasons, that $645.95 was the appropriate amount of discretionary costs to award Mr. Hudgins. The trial court was entitled to consider the equities of the case and was under no obligation to state its reasons for awarding less than the amount requested. Our courts have often stated that if *any* equitable basis appears in the record which will support the trial court's apportionment of costs, this court must affirm. *See Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 61 (Tenn. 1992); *Sanders*, 989 S.W.2d at 345; *Benson*, 868 S.W.2d at 644. I submit that the record reveals several equitable reasons to limit the award of discretionary costs. The trial court was free to apportion costs as the equities of this case demanded, *Perdue*, 837 S.W.2d at 60, and I submit the record supports the trial court's apportionment of costs in this case upon equitable grounds and, just as significant, Mr. Hudgins failed to make an affirmative showing that the trial court abused its discretion in the assessment of costs. Therefore, I would affirm that decision.

_____
FRANK G. CLEMENT, JR., JUDGE