IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 29, 2015 Session

## VICKI HEADRICK WEBB v. MAX SHERRELL, ET AL.

Appeal from the Chancery Court for Sevier County
No. 11-11-517      Telford E. Forgety, Jr., Chancellor

No. E2013-02724-COA-R3-CV-FILED-AUGUST 12, 2015

Vicki Headrick Webb ("Plaintiff") appeals the judgment of the Chancery Court for Sevier County ("the Trial Court") in this suit involving title to real property and a boundary line dispute. We find and hold that Plaintiff has significantly failed to comply with Tenn. R. App. P. 27 rendering this Court unable to address any of Plaintiff's potential issues. We, therefore, affirm the Trial Court's judgment, find Plaintiff's appeal frivolous, and award the defendants damages for frivolous appeal. Defendants[1] raise an issue on appeal regarding whether the Trial Court erred in refusing to award them discretionary costs. We find no abuse of discretion in the Trial Court's determination that "the circumstances and equities *do not* favor the award of discretionary costs . . . ." We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J. and THOMAS R. FRIERSON, II, J., joined.

Vicki Headrick Webb, Sevierville, Tennessee, pro se appellant.

Matthew A. Grossman, Knoxville, Tennessee, for the appellees, Gregory N. Bishop and Lisa L. Bishop.

---

[1] The defendants involved in this appeal are Gregory N. Bishop; Lisa L. Bishop; U.S. Bank, National Association; Max Sherrell; Charles E. Sessions and Lois Elizabeth Sessions, Trustees – Sessions Living Trust; Tennessee Property, LLC; Hassan Maziad; Elizabeth J. Maziad; Ted Jordan; and Darvin Hoffman (collectively "Defendants"). Multiple other parties were named as defendants in Plaintiff's complaint, but the above listed defendants are the only defendants involved in this appeal. Although Defendants are represented by separate attorneys as shown above, and each attorney has filed a brief on behalf of the parties he represents, the issues raised are the same. As such, for ease of reference, we refer in this Opinion to the Defendants collectively.

William S. Nunnally, Greeneville, Tennessee, for the appellee, U.S. Bank, National Association.

Lars E. Schuller, Knoxville, Tennessee, for the appellees, Max Sherrell; Charles E. Sessions and Lois Elizabeth Sessions, Trustees - Sessions Living Trust; Tennessee Property, LLC; Hassan Maziad; Elizabeth J. Maziad; Ted Jordan; and Darvin Hoffman.


**OPINION**

**Background**

In November of 2011 Plaintiff sued Defendants[2] with regard to disputes involving real property located in Sevier County, Tennessee. The case was tried without a jury, and the Trial Court entered its judgment on November 12, 2013 establishing the common boundary line and finding and holding, *inter alia*, that Plaintiff had failed to prove title to a "boxed area" or "hatched area" at issue in the suit. Defendants then filed motions for discretionary costs pursuant to Tenn. R. Civ. P. 54.04.[3] After a hearing, the Trial Court denied discretionary costs by order entered January 3, 2014. Plaintiff appealed the Trial Court's November 12, 2013 judgment to this Court.

**Discussion**

Plaintiff's brief on appeal is so severely deficient that we are unable to determine what specific issues Plaintiff is attempting to raise on appeal other than that she is unhappy with the Trial Court's decision. Although not stated exactly as such, Defendants raise two issues on appeal: 1) whether Plaintiff's appeal should be deemed frivolous entitling Defendants to an award of damages; and, 2) whether the Trial Court erred in refusing to award Defendants Rule 54.04(2) discretionary costs.

Additionally, defendants Gregory N. Bishop and Lisa L. Bishop filed a motion for consideration of post-judgment facts seeking to have this Court recognize post-judgment facts in support of their argument regarding frivolous appeal. We deny the motion for consideration of post-judgment facts as moot for the reasons stated below.

---

[2] As noted in footnote 1, Plaintiff named a number of other persons and entities as defendants in the suit.

[3] Gregory N. Bishop; Lisa L. Bishop; and U.S. Bank, National Association filed a motion and Max Sherrell; Charles E. Sessions and Lois Elizabeth Sessions, Trustees – Sessions Living Trust; Tennessee Property, LLC; Hassan Maziad; Elizabeth J. Maziad; Ted Jordan; and Darvin Hoffman also filed a motion.

We will begin by addressing the deficiencies in Plaintiff's brief. Plaintiff is representing herself pro se on appeal. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

We are mindful of Plaintiff's pro se status and have attempted to give her the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiff's brief for her, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiff may have made had she been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiff's attorney.

We note that in this appeal Plaintiff filed a principal brief and a reply brief, both of which failed to comply with Tenn. R. App. P. 27 in any significant manner. Specifically, Plaintiff's initial brief [4] fails to comply with Tenn. R. App. P. 27(a)(4), which requires that a brief shall contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). Although Plaintiff's brief contains a section titled "STATEMENT OF THE ISSUES PRESENTED FOR REVIEW FROM FINAL JUDGMENT," this section begins by reciting details about the trial such as the dates of the trial and the Chancellor's name and then attempts to present argument but never does present a statement of specific issues that would justify appellate review. Additionally, this section, along with the remainder of Plaintiff's brief, contains unconnected statements that are difficult to understand and entirely unhelpful in understanding Plaintiff's position on appeal. Just about the only thing that is clear from Plaintiff's brief is that Plaintiff is unhappy with the

---

[4] Plaintiff's reply brief is as deficient as her initial brief.

3

outcome of the trial. Plaintiff's brief, however, does not contain a statement of the issues as required by Tenn. R. App. P. 27(a)(4), and, thus, it is impossible to tell from her brief what specific appealable issue or issues Plaintiff wishes to raise. We will not undertake to search the record and then revise Plaintiff's brief in its entirety so as to create and address issues of claimed errors by the Trial Court when Plaintiff raises no such specific claimed errors because to do so would have this Court serve as Plaintiff's attorney.

Plaintiff's brief also fails to comply with Tenn. R. App. P. 27(a) sections (1) and (2). Plaintiff's brief does not contain "[a] table of contents, with references to the pages in the brief;" or "[a] table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited; . . . ." Tenn. R. App. P. 27(a). Within the body of the brief there appears to be quoted material, however, it is difficult, and in some cases impossible, to tell from what source Plaintiff is quoting.

In *Bean v. Bean* this Court observed:

Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App.1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc.,* [sic] *v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Plaintiff failed to comply in any significant way with Tenn. R. App. P. 27, and this failure makes it impossible for this Court to conduct any realistic review of the Trial Court's judgment. As such, we find and hold that Plaintiff has waived any issues she may have attempted to raise on appeal.

We next consider the issue raised by Defendants regarding whether Plaintiff's appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one

4

in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27-1-122 addresses damages for frivolous appeals stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

As discussed more fully above, Plaintiff's brief on appeal is so severely deficient that this Court is unable to determine even what specific issues Plaintiff is attempting to raise on appeal. As such, Plaintiff's appeal is devoid of merit with little prospect that the appeal could ever succeed. Given this, we hold Plaintiff's appeal frivolous and remand this case to the Trial Court for a determination of an award of damages from Plaintiff to Defendants for frivolous appeal.

Finally, we consider Defendants' issue regarding whether the Trial Court erred in denying their motions for discretionary costs. We review a Trial Court's decision to award discretionary costs for abuse of discretion. *Quebecor Printing Corp. v. L & B Mfg. Co.*, 209 S.W.3d 565, 583 (Tenn. Ct. App. 2006). As this Court has explained:

> Tenn. R. Civ. P. 54.04(2) permits prevailing parties in civil actions to recover "discretionary costs." The purpose of this provision is not to punish the losing party but rather to help make the prevailing party whole. *Owens v. Owens*, 241 S.W.3d 478, 496-97 (Tenn. Ct. App. 2007); *Scholz v. S. B. Int'l, Inc.*, 40 S.W.3d 78, 85 (Tenn. Ct. App. 2000). The particular equities of the case may influence a trial court's decision to award discretionary costs, *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992), and, therefore, parties are not entitled to discretionary costs simply because they prevail. *Scholz v. S. B. Int'l, Inc.*, 40 S.W.3d at 85; *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998).

> The party seeking discretionary costs has the burden of convincing the trial court that it is entitled to these costs. *Carpenter v. Klepper*, 205 S.W.3d 474, 490 (Tenn. Ct. App. 2006); *Stalsworth v. Grummons*, 36 S.W.3d 832, 835 (Tenn. Ct. App. 2000). As a general matter, a party

seeking discretionary costs can carry its burden by filing a timely and properly supported motion demonstrating (1) that it is the prevailing party, (2) that the costs being sought are included in Tenn. R. Civ. P. 54.04(2), (3) that the costs are necessary and reasonable, and (4) that it has not engaged in conduct during the litigation that would justify depriving it of the costs it is requesting. *Trundle v. Park*, 210 S.W.3d 575, 582 (Tenn. Ct. App. 2006); *Waggoner Motors, Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 65-66 (Tenn. Ct. App. 2004); *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002).

*Duran v. Hyundai Motor America, Inc.*, 271 S.W.3d 178, 214-15 (Tenn. Ct. App. 2008).

In pertinent part, Tenn. R. Civ. P. 54.04, provides:

Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs. . . .

Tenn. R. Civ. P. 54.04(2).

With regard to the motions for discretionary costs, the Trial Court found and held, *inter alia*:

Upon consideration of the argument of counsel; the various petitions and supporting documents submitted by the Defendants; the nature, issues and difficulty of the case; the specific language of Rule 54.04 of the Tennessee Rules of Civil Procedure; the applicable case law including *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56 (Tenn. 1992); *Mix v. Miller*, 27 S.W.3d 508 (Tenn. App. 1999); and, *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13 (Tenn. App. 2002); and, the record as a whole, the Court finds that the circumstances and equities *do not* favor the award of discretionary costs, but rather it is appropriate that the parties bear their own discretionary costs. In this regard, the Court notes that this cause involved very complicated and somewhat convoluted boundary and title issues requiring six full days of proof, including extensive expert and lay testimony and an extraordinary number of exhibits. As the Court noted, both sides presented substantial evidence in support of their claims and it

appeared almost inevitable that a judicial hearing and ruling would be required to resolve these complicated issues, which issues were not the *fault* of the parties, but rather the result of historical defects, conflicts and uncertainty in descriptions and title to the subject land. Accordingly, it is hereby

\* \* \*

**FURTHER ORDERED, ADJUDGED AND DECREED** that the requests for discretionary costs by the various Defendants are hereby *Denied* and no discretionary costs shall be taxed in this cause.

We note that the record before us on appeal is voluminous and, even so, does not consist of everything that the Trial Court had before it when rendering judgment. The fact that Defendants prevailed at trial does not automatically entitle them to an award of discretionary costs. Given the facts and circumstances of the case now before us we find no abuse of discretion in the Trial Court's determination "that the circumstances and equities *do not* favor the award of discretionary costs . . . ."

For the reasons set forth above, we affirm both the Trial Court's November 12, 2013 Judgment and the Trial Court's January 3, 2014 order.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for a determination of an award of damages from Plaintiff to Defendants for frivolous appeal and for collection of the costs below. The costs on appeal are assessed against the appellant, Vicki Headrick Webb.

_____
D. MICHAEL SWINEY, JUDGE

7