# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 13, 2002 Session

## KANTA KEITH, ET AL. V. GENE ERVIN HOWERTON, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-685-98     Dale C. Workman, Judge**

### FILED DECEMBER 19, 2002

### No. E2002-00704-COA-R3-CV

---

This case is on appeal for the second time. In the first appeal, we held that the defendants violated the Tennessee Consumer Protection Act ("the Act")[1] in certain pawn transactions with the plaintiffs. We remanded the case to the trial court for a determination of whether the plaintiffs were entitled to treble damages and attorney's fees under the Act. Following a bench trial on these issues, the court below determined that the plaintiffs were not entitled to treble damages, but that they were entitled to a slight augmentation of their compensatory awards. In addition, the trial court awarded attorney's fees and costs, in amounts which are substantially less than those claimed by counsel. The plaintiffs appeal, arguing that the trial court erred in refusing to award treble damages and in its award of fees and costs. By way of a separate issue, the defendants argue that the trial court erred in granting a declaratory judgment to the plaintiff, Kanta Keith ("Mr. Keith"), following the death of his wife, the plaintiff, Darlene Keith ("Mrs. Keith"). We affirm in part, vacate in part and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed in Part and Vacated in Part; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Donald K. Vowell and Elizabeth K. Johnson, Knoxville, Tennessee, for the appellants, Kanta Keith and Walter Jackson.

Craig L. Garrett, Maryville, Tennessee, for the appellees, Gene Ervin Howerton and Easy Money, Inc.

### OPINION

---

[1]Tenn. Code Ann. § 47-18-101, *et seq.* (2001 & Supp. 2002).

I.

The facts of this case are set forth in detail in our previous opinion, ***Keith v. Howerton***, C/A No. E2000-02703-COA-R3-CV, 2001 Tenn. App. LEXIS 646 (Tenn. Ct. App. E.S., filed Aug. 28, 2001). Following the bench trial that preceded the first appeal, the trial court held that the plaintiffs failed to show an ascertainable loss and therefore failed to prove that the defendants had violated the Act. However, the trial court found that the plaintiffs were entitled to receive the fair market value of their pawned, and later stolen, items. Accordingly, the court granted the plaintiff, Walter Jackson ("Mr. Jackson"), an award of $1,100 and awarded the plaintiffs, Mr. and Mrs. Keith, $2,250.

On appeal, we held that the plaintiffs did in fact show an ascertainable loss. We further held that the defendants had violated the Tennessee Pawnbrokers Act of 1988[2] by failing to offer any monetary reimbursement to the plaintiffs, and that this violation constituted a violation of the Act. With respect to the trial court's award of damages, we held that the award to Mr. and Mrs. Keith made no provision for the repayment of the money loaned and the charges incurred under certain of their pawn contracts, which amounts totaled $683. We therefore adjusted the Keiths' award from $2,250 to $1,566.80. Finally, we remanded the case to the trial court to determine "whether the [p]laintiffs should receive treble damages and attorney fees." ***Keith***, 2001 Tenn. App. LEXIS 646, at *33.

On remand, the trial court determined that an award of treble damages was inappropriate in this case, choosing instead to augment the plaintiffs' awards. The trial court increased the award to Mr. Jackson from $1,100 to $1,750. Similarly, the trial court increased the Keiths' award from $1,566.80 to $2,010.80. In addition, the court awarded Mr. Jackson and the Keiths $169.95 each in discretionary costs. These costs included the cost of the parties' depositions, but did not include the cost of preparing the trial transcript for the appeal. The court also awarded attorney's fees of $2,000, $1,000 for the Keiths and a like amount for Mr. Jackson.

The trial court was also faced with the issue of the death of Mrs. Keith, who passed away two and one half weeks before the last hearing. Mr. Keith filed a motion for a declaratory judgment, alleging that Mrs. Keith had died on December 28, 2001, and that all of her property, "including the cause of action and judgment herein, was held by the entirety." Therefore, Mr. Keith reasoned, said interest and judgment immediately passed by operation of law to him upon the death of Mrs. Keith. Accordingly, Mr. Keith asked the trial court to declare that he is the sole owner of Mrs. Keith's cause of action and resulting judgment. No one was substituted in Mrs. Keith's place. The trial court granted the declaratory judgment, holding that the judgment entered in favor of Mr. Keith "includes the interest of his late wife Darlene Keith, which, as held in the separately entered declaratory judgment, passed to Mr. Keith by operation of law."

On appeal, the plaintiffs raise two issues for our consideration:

---

[2]Tenn. Code Ann. § 45-6-201, *et seq.* (2000 & Supp. 2002).

1. Whether the trial court erred in augmenting the plaintiffs' awards, rather than awarding treble damages.

2. Whether the trial court erred in its award of attorney's fees and costs.

As an additional issue, the defendants raise the question of whether the trial court erred in granting Mr. Keith a declaratory judgment and in holding that Mrs. Keith's judgment passed to him by operation of law.

II.

In this non-jury case, our review is *de novo* upon the record, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn.1995). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn.1993).

III.

The plaintiffs argue that the trial court erred in refusing to award the plaintiffs treble damages, and in choosing instead to augment the plaintiffs' award. We disagree.

With respect to treble damages under the Act, Tenn. Code Ann. § 47-18-109(a) (2001) provides, in pertinent part, as follows:

> (3) If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.
>
> (4) In determining whether treble damages should be awarded, the trial court may consider, among other things:
>
> (A) The competence of the consumer or other person;
>
> (B) The nature of the deception or coercion practiced upon the consumer or other person;
>
> (C) The damage to the consumer or other person; and

(D) The good faith of the person found to have violated the provisions of this part.

The plaintiffs argue that the language of (a)(3) should be interpreted to mean that, if a trial court determines that the award of damages should be increased, its only option is to award treble damages, and that a mere augmentation of an award is not contemplated by the statute. However, the plaintiffs fail to recognize the significance of the language at the end of (a)(3), which provides that the court "may provide such other relief as it considers necessary and proper." We believe that this language gives the trial court the authority to award less than three times the amount of damages in appropriate circumstances.

In *Brandon v. Winnett*, App. No. 01A01-9411-CH-00529, 1995 Tenn. App. LEXIS 508 (Tenn. Ct. App. W.S., filed July 28, 1995), the trial court doubled the plaintiffs' damages after determining that the defendant violated the Act. *Id.* at *11. On appeal, the plaintiffs argued that the trial court should have awarded treble damages, while the defendant argued that the court erred in awarding double damages. *Id.* at *17. In affirming the trial court's award of double damages, we stated the following:

> In its final order, the trial court found that ... the defendant willfully violated [the Act]. As set forth above, the chancellor also carefully considered all four factors [set forth in Tenn. Code Ann. § 47-18-109(a)(4)] relevant to a treble damage award. Weighing all these factors, the trial court determined that the plaintiffs were not entitled to treble damages, *but were entitled to additional relief. Therefore, the trial court awarded plaintiffs double damages*. The evidence does not preponderate against this award.

*Id.* at *18 (emphasis added); *see also **Coleman v. Pryor Oldsmobile/GMC**, App. No. 02A01-9503-CV-00066, 1996 Tenn. App. LEXIS 594, at * 3 (Tenn. Ct. App. W.S., filed Sept. 25, 1996) (stating that the trial court, in finding defendant had violated the Act, chose to double the damage award to plaintiffs because plaintiffs had been "'singularly careless about examining the car or the documents which they signed before taking the car away'").

In *Brandon*, this court relied upon the language in (a)(3) that provides for "such other relief" as may be considered "necessary and proper." This can be seen from the language of the opinion, in which we stated that, while treble damages were not appropriate, the plaintiffs "were entitled to *additional relief*." *Brandon*, 1995 Tenn. App. LEXIS 508, at *18 (emphasis added).

In addition to upholding a trial court's award of less than treble damages, this court has repeatedly held that "a decision to award more than actual damages under the Act lies within the sound discretion of the trial court, and depends upon the facts of each case." *Sherrard v. Dickson*, C/A No. 03A01-9701-CV-00007, 1997 Tenn. App. LEXIS 638, at *17 (Tenn. Ct. App. E.S., filed Sept. 23, 1997); *see **Bagby v. Carrico**, C/A No. 03A01-9705-CV-00183, 1997 Tenn. App. LEXIS

875, at \*13 (Tenn. Ct. App. E.S., filed Dec. 9, 1997); ***Creative Kitchens & Interiors, Inc. v. Bale***, C/A No. 03A01-9611-CH-00379, 1997 Tenn. App. LEXIS 567, at \*13 (Tenn. Ct. App. E.S., filed Aug. 26, 1997); *see also **Smith v. Scott Lewis Chevrolet, Inc.***, 843 S.W.2d 9, 13 (Tenn. Ct. App. 1992). Furthermore, in holding that a violation of the Act does not compel a trial court to award treble damages, this court has stated that "[t]he statutory language [of Tenn. Code Ann. § 47-18-109(a)(3)] is permissive rather than mandatory, as is evidenced by its provision that the trial court 'may' – as opposed to 'shall' – award treble damages in appropriate circumstances." ***Creative Kitchens***, 1997 Tenn. App. LEXIS 567, at \*13-\*14.

Reviewing the statute and the case law, we conclude that a trial court may, at the upper limit, award treble damages, but that the trial court may choose to award something less than treble damages under the appropriate circumstances.

Turning to the instant case, we held in the first appeal that the defendants' "failure to offer reimbursement was knowing and willful," ***Keith***, 2001 Tenn. App. LEXIS 646, at \*32, and remanded the case for a determination of whether an award of treble damages was appropriate. ***Id.*** at \*33. The trial court decided against an award of treble damages. Instead, the trial court chose to augment Mr. Jackson's award by $650, increasing his award from $1,100 to $1,750. The court augmented Mr. Keith's award by $444, taking his total award from $1,566.80 to $2,010.80.

In reviewing the factors applicable to a decision regarding treble damages, we begin by noting that there is nothing in the record to indicate that the plaintiffs possessed any business skills or had any specialized knowledge regarding loan transactions. *See* Tenn. Code Ann. § 47-18-109(a)(4)(A). While the nature of the defendants' deception was willful and knowing, we do not believe it was an egregious deception; for instance, there is nothing in the record to indicate that the defendants were a party to the theft of the plaintiffs' pawned items. *See* Tenn. Code Ann. § 47-18-109(a)(4)(B). Further, by offering the plaintiffs the opportunity to select merchandise similar to that which was stolen, the defendants did take some responsibility for the loss of the plaintiffs' items and at least attempted to minimize the damage to the plaintiffs. *See* Tenn. Code Ann. § 47-18-109(a)(4)(C). We hasten to add, however, that we recognize that the mere offer of replacement merchandise was not proper under the law. *See* Tenn. Code Ann. § 45-6-212(5) (2000). With respect to the good faith of the defendants, we note that the defendants did make three settlement offers to the plaintiffs in an attempt to resolve this matter. *See* Tenn. Code Ann. § 47-18-109(a)(4)(D). Finally, the trial court discredited the plaintiffs' testimony as to the value of the stolen items:

> Obviously in this case the [trial] court found [the plaintiffs] were grossly overstating what their property was worth and found that they were not credible to believe the value of their property.

*See* Tenn. Code Ann. § 47-18-109(a)(4) (stating that the court may consider other factors as well).

After analyzing the aforementioned factors against the facts in the instant case, we hold that the trial court did not abuse its discretion in deciding against an award of treble damages. Furthermore, we find no abuse of discretion in the trial court's decision to augment the plaintiffs' awards pursuant to Tenn. Code Ann. § 47-18-109(a)(3). Accordingly, we will not disturb the trial court's award of damages to the plaintiffs.

IV.

Next, the plaintiffs contend that the trial court abused its discretion in its award of attorney's fees and costs.

A determination of reasonable attorney's fees and costs is necessarily a discretionary inquiry. *United Med. Corp. of Tenn. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986); *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998); *see also* Tenn. R. Civ. P. 54.04(2). As there is no fixed mathematical rule in this jurisdiction for determining reasonable fees and costs, an appellate court will normally defer to a trial court's award of attorney's fees unless there is "a showing of an abuse of [the trial court's] discretion." *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987); *see also Sanders*, 989 S.W.2d at 345. In evaluating the lower court's exercise of its discretion in a non-jury setting, we review its award *de novo*. We will not disturb the trial court's award unless we find that the evidence preponderates against the trial court's factual findings. Tenn. R. App. P. 13(d).

The establishment of a reasonable attorney's fee is determined in accordance with Tenn. Code of Professional Responsibility DR 2-106 (2002), which is a part of Tenn. Sup. Ct. R. 8. DR 2-106 provides, in pertinent part, as follows:

> (B) ... Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

With respect to the final factor, our Supreme Court has opined that "[a]n attorney's fee should be greater where it is contingent than where it is fixed." *United Med.*, 703 S.W.2d at 136.

After applying the DR 2-106 factors to cases involving attorney's fees, the courts of this state have been faced with the issue of whether an award of fees and costs should be proportionate to an award of compensatory damages. In *Adkinson v. Harpeth Ford-Mercury, Inc.*, App. No. 01-A-01-9009-CH-00332, 1991 Tenn. App. LEXIS 114 (Tenn. Ct. App. M.S., filed Feb. 15, 1991), a jury found that the defendant car dealership had violated the Act, and the jury awarded the plaintiff damages of approximately $8,555. *Id.* at *1. The trial court then awarded the plaintiff attorney's fees of $20,004 and expenses of approximately $2,886. *Id.* at *11. The defendant appealed, arguing, *inter alia*, that the trial court abused its discretion in awarding fees in an excessive amount. *Id.* at *21-*22.

In analyzing this issue, we relied on the United States Supreme Court case of *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986). In this civil rights action, the jury awarded the plaintiffs $33,350, and the District Court awarded the plaintiffs their full requested attorney's fee of approximately $245,000. *Id.* at 564-65, 106 S. Ct. at 2689. On appeal, the defendants argued that the fee award should be proportionate to the monetary award. *Id.* at 567, 106 S. Ct. at 2690. Rejecting that argument, the Supreme Court stated the following:

> A rule that limits attorney's fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting § 1988. Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process.... These victims ordinarily cannot afford to purchase legal services at the rates set by the private market.
>
> * * *
>
> Moreover, the contingent fee arrangements that make legal services available to many victims of personal injuries would often not encourage lawyers to accept civil rights cases, which frequently involve substantial expenditures of time and effort but produce only small monetary recoveries.

A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting § 1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

*City of Riverside*, 477 U.S. at 576-78, 106 S. Ct. at 2695-96.

Affirming the trial court's award of attorney's fees in *Adkinson*, we found as follows:

While the instant case does not involve a civil rights action, it does involve the Tennessee Consumer Protection Act, ... and we are of the opinion that that reasoning is applicable.... The potential award of attorney's fees under the Tennessee Consumer Protection Act is intended to make prosecution of such claims economically viable to plaintiff.

*Adkinson*, 1991 Tenn. App. LEXIS 114, at *24-*25.

In *Lowe v. Johnson County*, C/A No. 03A01-9309-CH-00321, 1995 Tenn. App. LEXIS 320 (Tenn. Ct. App. E.S., filed May 19, 1995), a Tennessee Human Rights Act case, the jury awarded the plaintiff $25,000 in damages, but the trial court awarded only $12,000 of the requested $96,000 in attorney's fees and costs. *Id.* at *3. The plaintiff appealed the award of fees and costs, arguing that it was unreasonably low. *Id.* at *1. Again relying on the guidance of *City of Riverside*, we found that "[i]n view of the relationship between the THRA and the federal civil rights acts, we believe the comments of the Supreme Court on these points are persuasive support for our fee and expense award in this case." *Lowe*, 1995 Tenn. App. LEXIS 320, at *25. Finding that the trial court abused its discretion in awarding only $12,000 in fees and costs, this court awarded attorney's fees of $59,017 and paralegal expenses of $1,918, and stated the following:

We recognize that we are awarding, as fees and expenses, more than twice the amount of the jury award; but this fact does not deter us. We agree with the United States Supreme Court that a rule limiting an attorney's fee to a proportion of the damages awarded would seriously undermine the purpose behind civil rights enactments....

Fee awards must fully and reasonably compensate plaintiff's counsel if the purpose and intent of the THRA is to be fulfilled.

*Id.* at \*25-\*26 (footnote omitted). *See also* **Patton v. McHone**, App. No. 01-A-01-9207-CH-00286, 1993 Tenn. App. LEXIS 212, at \*18-\*19 (Tenn. Ct. App. M.S., filed Mar. 24, 1993) (holding that an award of attorney's fees and expenses, in a claim under the Magnuson-Moss Act, that are "some five times the amount of compensatory damages does not affect the validity of plaintiff's claim for reasonable attorney's fees").

In the instant case, the plaintiffs requested attorney's fees of approximately $24,051, and the trial court awarded fees of only $2,000. The total amount of discretionary costs requested was approximately $1,040, of which the trial court awarded approximately $340. In reaching its decision, the trial court focused on the proportionality of the award of damages granted to the plaintiffs and the amount of attorney's fees requested, and stated as follows:

> Do you think it really sounds fair to the public for [the plaintiffs] to get [$]1500, or even treble that, $4500, and [plaintiffs' counsel] to get $24,000 out of the litigation? Do you think the public thinks that sounds reasonable and fair?
>
> \* \* \*
>
> And I think it would be criminal to say these clients would get a total the plaintiffs [sic] asking here – if I granted the entire relief [plaintiffs' counsel] asked for his clients, that one of them gets a total award of [$]3300, the other one of them gets a total award of approximately $5,000, and then pay the lawyer $24,000. I think that's criminal. I think that's far beyond competence and integrity in response to the system in being fair.

Based upon these comments regarding the proportionality of attorney's fees, we conclude that the trial court did not use the proper standard in determining the award of attorney's fees and expenses in this case. In determining the amount of fees and expenses to award, the issue is *not* how the fees requested compare to the amounts eventually awarded to the plaintiffs; rather, the issue is how the requested fees and expense measure up under DR 2-106 and the applicable case law. Relying on the language of the United States Supreme Court, we have observed that the purpose behind the allowance of attorney's fees in the Act is to encourage attorneys to take these sorts of cases where the recovery may be small and the amount of time expended may be great. *See* **Adkinson**, 1991 Tenn. App. LEXIS 114, at \*24; **Lowe**, 1995 Tenn. App. LEXIS 320, at \*24-\*26; **City of Riverside**, 477 U.S. at 576-78, 106 S. Ct. at 2695-96 (holding that "[a] rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts").

The Act was designed to address deceptive and similar practices which the General Assembly determined to be contrary to the public policy of this state. Tenn. Code Ann. § 47-18-102 (2001). In an attempt to discourage these practices and to insure that such practices are rectified when they do exist, the General Assembly sought to encourage legal representation of injured parties, regardless of the amounts of their claims. This objective would be thwarted, especially with respect to small claims, if the proportionality approach were to be adopted. We hold that such an approach is contrary to the public policy embodied in the Act.

There is nothing in the record before us to indicate that the trial court relied upon the factors set forth in DR 2-106 or the aforementioned case law in determining the reasonableness of the requested attorney's fees and expenses. Rather, the trial court relied upon a rule of proportionality that this court has found to be incorrect. We therefore remand this case to the trial court for a new determination of an attorney's fee award under DR 2-106 and the applicable case law.

With respect to the requested case expenses, the trial court denied the plaintiffs' request for the cost of preparing the trial transcript for use on appeal, stating the following:

> Now, the transcript to take me up on appeal; I, in all fairness, don't think, in my discretion, I ought to award that, considering all the facts and background. As I said the last time, two wrongs don't make a right; – and I know I got exorcised the last time, [plaintiffs' counsel], but I still – I really have a problem with it. [The defendants were] wrong as rain could be – the defendant was in this case – and you know I found that over and over.
>
> But I think [the plaintiffs were] as wrong – yeah; I didn't believe [the plaintiffs], and I think [the plaintiffs] tried to claim a whole lot more than their actual loss. Now, with that belief, right or wrong, it's hard for me to – you know, I think there's two wrongs here – and I really – and I got affirmed on that; [the Court of Appeals] found I was right, not believing [the plaintiffs], on all the money [the plaintiffs] say [the defendants] owed. So, I can't think that the trial transcript proceedings should be awarded as discretionary costs; I don't think I can, because it would have been after I decided this case.

We find that the trial court abused its discretion in failing to award the cost of the transcript for use on appeal as part of the plaintiffs' discretionary costs. The plaintiffs were successful both at the trial court level and in their first appeal. While we recognize that the success of the plaintiffs does not automatically entitle them to an award of costs, *see, e.g., **Benson v. Tennessee Valley Elec. Coop.***, 868 S.W.2d 630, 644 (Tenn. Ct. App. 1993), we find that the court has articulated no equitable basis for its apportionment of costs. *See, e.g., **Perdue v. Green Branch Mining Co.***, 837 S.W.2d 56, 60 (Tenn. 1992). As such, we hold that the plaintiffs are entitled to $494.75, which reflects the cost of preparing the transcript.

The plaintiffs have also requested their attorney's fees on appeal. We hold that the plaintiffs are entitled to their fees and expenses associated with both appeals. On remand, we direct the trial court to determine reasonable fees and expenses for the plaintiffs on these two appeals.

V.

Finally, the defendants argue that the trial court incorrectly granted a declaratory judgment to Mr. Keith, giving him the interest in the judgment of his late wife, Mrs. Keith.

Tenn. Code Ann. § 29-14-107 (2000) provides, in pertinent part, as follows:

> (a) When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

Further, Tenn. R. Civ. P. 25.01(1) provides that when a party dies "and the claim is not thereby extinguished, the court may order substitution of the proper parties."

It is clear that the proper procedures were not followed in the instant case. The declaratory judgment was entered in favor of Mr. Keith without the substitution of the appropriate party for Mrs. Keith. On remand, Mr. Keith should file a motion for substitution of parties pursuant to Tenn. R. Civ. P. 25.01(1). This will allow the proper parties to be present at the hearing on remand and to participate in the previously discussed issues.

VI.

The judgment of the trial court is affirmed in part and vacated in part. This case is remanded to the trial court for the determination of the issues as stated herein. Costs on appeal are taxed to the appellees, Gene Ervin Howerton and Easy Money, Inc.

_____
CHARLES D. SUSANO, JR., JUDGE

-11-